**RECEIVED**

UNITED STATES DISTRICT COURT        **SEP 0 1 2005**
DISTRICT OF SOUTH CAROLINA

LARRY W. PROPES, CLERK
CHARLESTON, SC

| | | |
|---|---|---|
| Tony A. Fair, Jr., #Y298270, | ) | C/A No. 9:05-2441-MBS-GCK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Angalia Brown, Captain, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Tony A. Fair, Jr. (Plaintiff), proceeding *pro se*, brings this action

pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Turbeville Correctional Institution,

a facility of the South Carolina Department of Corrections (SCDC), and files this action *in*

*forma pauperis* under 28 U.S.C. § 1915. The complaint names an SCDC employee as the

sole defendant.[2] Plaintiff claims that during a disciplinary hearing, the defendant, the

disciplinary hearing officer, "took her right hand an applied her fingernails to my head in my

hair an started in a back an forth motion." The plaintiff seeks "monetary damages,

injunctive relief, punitive damages, equitable relief and criminal assault charges[3] filed

against [the defendant]." The complaint should be dismissed for failure to state a claim

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

[3] Plaintiff cannot have this Court prosecute criminal charges against the defendant as "[n]o citizen has an enforceable right to institute a criminal prosecution." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) (citing Linda R. v. Richard V., 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")).

upon which relief may be granted.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys,

Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

## Background



    In the complaint, Plaintiff provides the following allegations verbatim:

During a Displinary Hearing in January the 27th 2005. Ms. Angalia Brown was reviewing my charge of striking Lt. Rowe but she didn't listen too the evidence with open judgement to regaurd a dismiss but because I'm a inmate and Lt. Rowe is her superior officer she showed discrimination toward and inmate. Also as she began to bring the hearing to a close she ask me to sign my sauntions [sanctions] paper as I attended to sign my John Hancock she then took her right hand an applied her finger nails to my head in my hair an started in a back and forth motion. As to her nails is long an unsantise (not clean) I then ask her to move her nails from my hair an explain to her the damages she done cause to my hair and she started to laugh at it. As to this case my counsel sub. was presented Mr. Michael Moore seen and observed this incident from Ms. Angalia Brown. I then was recommend to file a grievance in this matter an I never saw the grievance.

Complaint at 4. Plaintiff's signature is at the end of his statement of claim. For relief,

Plaintiff states "I seeking monetary damages, injunctive relief punitive damages, equitable relief and criminal assault charges filed against her." Complaint at 5.

## Discussion

The Eighth Amendment of the U.S. Constitution expressly prohibits the infliction of "cruel and unusual punishments." Included in the prohibited "punishments" is not only excessive sentences, but also "inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996); see Wilson v. Seiter, 501 U.S. 294, 298 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976). To succeed on any Eighth Amendment claim for cruel and unusual punishment, a prisoner must prove: (1) objectively the deprivation of a basic human need was sufficiently serious, and (2) subjectively the prison officials acted with a "sufficiently culpable state of mind." Wilson, 501 U.S. at 298; Williams, 77 F.3d at 761.

The objective element of an excessive force claim requires more than a de minimis use of force. The Supreme Court has prohibited recovery based on de minimis force, unless that use of force is "repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (internal quotation marks omitted). De minimis injury is evidence of de minimis force. Norman v. Taylor, 25 F.3d 1259, 1262-63 (4th Cir.1994). De minimis injury defeats a plaintiff's excessive force claim "absent the most extraordinary circumstances," i.e., unless the force used was "repugnant to the conscience of mankind." Id. at 1263. The "assault" in this case, fingernails applied to the head in a back and forth motion, is not the use of force that is "repugnant to the conscience of mankind." Indeed, no use of force is alleged, and it is clear Plaintiff suffered at most, de minimis injury.

4

Plaintiff has not alleged facts indicating that he suffered any serious physical injury. Indeed, Plaintiff makes no allegations of physical injury at all. The complaint is also void of any allegations of the need for medical care. See Riley v. Dorton, 115 F.3d 1159, 1166 (4th Cir.1997) (en banc) (holding that a plaintiff cannot prevail on a § 1983 excessive force claim if his injury is de minimis). Plaintiff fails to state a claim for cruel and unusual punishment based on his allegations of the defendant's "assault" on him during the disciplinary hearing.

Plaintiff's conclusory claim of "discrimination" during the disciplinary hearing also fails to state a claim.[4] Although the Court is bound to liberally construe his *pro se* complaint, Plaintiff must do more than make mere conclusory statements to support his claim. Brown v. Zavaras, 63 F.3d 967 (10th Cir. 1995); *see also* Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory on its face); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). Plaintiff's conclusory statement of discrimination is not sufficient, without additional factual allegations in the complaint, to support the claim of discrimination. The complaint "fails to state a claim on which relief may be granted" and is "frivolous" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and should be dismissed.

**Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the

---

[4] Plaintiff challenges the disciplinary hearing at issue in a companion case filed in this Court, Tony A. Fair, Jr. v. Ms. Hallman, *et al.*, C/A No. 9:05-2430-MBS-GCK, which is currently pending.

above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. **The plaintiff's attention is directed to the notice on the following page.**

Respectfully submitted,

George C. Kosko
United States Magistrate Judge

August ___31___, 2005
Charleston, South Carolina

6

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 835**
**Charleston, South Carolina 29402**