IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tony A. Fair Jr., | ) | C/A No. 3:05-cv-02441 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER and OPINION |
| | ) | |
| Angalia Brown, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Tony A. Fair, Jr., appearing *pro se*, is an inmate of the Turbeville Correctional Institution in South Carolina. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendant Brown violated his Eighth Amendment right to be free from cruel and unusual punishment when she "applied her fingernails to [his] head in a back and forth motion" during a disciplinary hearing. Complaint, 1. Plaintiff also alleges that he was discriminated against during the disciplinary hearing.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate Judge George C. Kosko for pretrial handling. The Magistrate Judge reviewed the petition pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A, and, on September 1, 2005, filed a Report and Recommendation that the Complaint be summarily dismissed without prejudice and without issuance or service of process. Plaintiff filed objections to the Report and Recommendation ("Plaintiff's Objections") on September 12, 2005.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for

making a final determination remains with this court. Id. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

After thoroughly reviewing the record in this case, the Magistrate Judge found that Plaintiff's complaint failed to state a claim on which relief can be granted and thus should be dismissed pursuant to § 1915(e)(2)(B)(i). The Magistrate Judge found that Plaintiff's claim "lacked an arguable basis either in law or fact" and was "frivolous or malicious" under § 1915(e)(2)(B(ii). Report and Recommendation of Magistrate Judge, 2 (quoting Denton v. Hernandez, 504 U.S. 25, 31(1992)). Specifically, the Magistrate Judge found that Plaintiff's claim regarding the "fingernail incident" failed to allege anything more than *de minimis* injury and use of force. Id. at 4. The Magistrate Judge also determined Plaintiff's allegation of discrimination at his disciplinary hearing to be a conclusory statement utterly lacking factual support. Id.

Plaintiff contends that the "fingernail incident" caused him to suffer from "a loss of moisture" in his hair and "damage to hair cells by bacteria and germs from [Defendant's] nails." Plaintiff's Objections, 1. He also states that the incident resulted in weight loss, nightmares, and "loss of brain cells." Id. The court will treat these statements as objections to the Magistrate's findings that the injuries suffered by Plaintiff were *de minimis*. "[A]n excessive force claim

generally should not lie where any injury sustained by the plaintiff is *de minimis* . . . ." Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994). Despite articulating these new "injuries," Plaintiff still fails to state an excessive force claim in violation of the Eighth Amendment. There is no evidence Plaintiff sought or required medical attention. The alleged damage to Plaintiff's hair follicles, loss of moisture, and dandruff are insufficient to state a cognizable claim under § 1983. See Riley v. Dorton, 115 F.3d 1159, 1167 (4th Cir. 1997) ("Although 'the least touching of another in anger is a battery'. . . it is not a violation of a constitutional right actionable under 42 U.S.C. § 1983.") (internal citation omitted). Further, the alleged application of Defendant's fingernails to Plaintiff's head is not the type of force "repugnant to the conscience of mankind" that can sustain a § 1983 action absent a showing of injury. Hudson v. McMillian, 503 U.S. 1, 9-10 (1992).

Plaintiff adds in his objection to the Magistrate Judge's recommendation of summary dismissal that he failed to include in his initial complaint "information about his religion and beliefs." Plaintiff's Objections, 1. Even construing this addition as a claim that Plaintiff's religious beliefs render Defendant's actions somehow more odious, Plaintiff still fails to allege an application of force sufficiently "repugnant" to rise to constitute a constitutional violation.[1] Consequently,

---

[1] Plaintiff also raises the possibility that the "fingernail incident" constituted sexual harassment in violation of the Eighth Amendment. Plaintiff's Objections, 1. "Not every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian, 503 U.S. 1, 9 (1992). Plaintiff's claim of sexual harassment, if proven, fails to rise to the level of constitutional violation as it is not "objectively, sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994); See, e.g., Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997) (noting that the actions of a female corrections officer who allegedly grabbed a male inmate's penis and rubbed her chest and genital area against his, though "despicable and, if true . . . potentially [may] be the basis of state tort actions . . . [failed to rise to] federal constitutional proportions as defined by the Supreme Court"); Morales v. Mackalm, 278 F.3d 126, 132 (2d Cir. 2002) (holding an allegation that a corrections officer asked an inmate to have sex with her and to masturbate in front of her and other female staffers did not implicate Eighth Amendment); Austin v. Terhune, 367 F.3d 1167, 1171-1172 (9th Cir. 2004) (noting that although the absence of physical touching was determinative, an incident where a guard exposed

summary dismissal is appropriate.

Plaintiff also objects to the Magistrate Judge's finding that his claim of discrimination was merely conclusory. Plaintiff supplements his factual allegations by claiming that Defendant stated at the hearing, "[n]o matter what an officers [sic] say an inmate will always be found guilty by me." Plaintiff's Objection, 1. Despite this addition, Plaintiff still fails to articulate how he suffered discrimination at the hands of Defendant. His claim remains conclusory and appropriate for summary dismissal. See White v. White, 886 F.2d 721, 723 (4th Cir. 1989).

The court has reviewed the record and adopts the recommendation of the Magistrate Judge that Plaintiff's complaint be **dismissed** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

September 21, 2005
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**
**Plaintiff is hereby notified that he has the right to appeal this order pursuant to the Federal Rules of Appellate Procedure.**

---

himself to an inmate for a period of 30-40 seconds did not implicate the Eighth Amendment); Davis v. Castleberry, 364 F. Supp. 2d 319, 321 (D.N.Y. 2005) (finding that the alleged grabbing of an inmate plaintiff's penis by a prison guard during a search was insufficient to support a constitutional claim). Plaintiff further contends that the "fingernail incident" constituted a violation of SCDC policy. Absent the implication of a constitutionally protected interest, "[section 1983] does not provide any relief against prison rules violations assuming, arguendo, that such a violation occurred." Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992).